IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

H.L.P.F.,

Petitioner,

v.

DREW BOSTOCK, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD LYONS, Acting Director of Immigration and Customs Enforcement ("ICE"); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, Secretary of the Department of Homeland Security ("DHS"); U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, Attorney General of the United States,

Respondents.

Civ. No. 6:25-cv-01899-AA

**ORDER**

---

AIKEN, District Judge.

This habeas case comes before the Court on a Petition for Writ of Habeas Corpus, ECF No 1. As a preliminary matter, the Court GRANTS Petitioner's request to proceed under a pseudonym.

Petitioner H.L.P.F. is a citizen of Venezuela. Pet. ¶ 45. Petitioner came to the United States on August 1, 2024, seeking asylum and entered the United States using the CBPOne app. *Id.* at ¶ 46. Petitioner was paroled into the country and authorized to work in the United States. *Id.* Respondents commenced removal proceedings against Petitioner under 8 U.S.C. § 1229a and a hearing was scheduled at the Immigration Court in 2027. *Id.* at ¶ 47. Petitioner timely filed an asylum application on February 11, 2025. *Id.* at ¶ 48. Petitioner asserts that he regularly complied with and appeared at ICE check-ins and complied with all Respondents' requirements. *Id.* at ¶ 49. Petitioner has no criminal history and "there is no reason to believe he is a flight risk or a danger to the community." *Id.* at ¶ 50. On October 15, 2025, Petitioner was detained and arrested. *Id.* at ¶ 51. Petitioner asserts that "Respondents were executing a search warrant for a different person, but they instead (or also) detained Petitioner." *Id.* Petitioner asserts that "[s]everal people were detailed along with Petitioner" and that he "seems to have been swept up along with others." *Id.* Petitioner affirms that he was present in Oregon at the time the Petition was filed. *Id.* at ¶ 16.

Petitioner asks the Court to, among other things, (a) assume jurisdiction over this matter; (b) order Respondents to appear before this Court and show cause why the Petition should not be granted within three days; (c) declare that Petitioner's re-detention without an individualized determination violates the APA and the Due Process Clause of the Fifth Amendment; (d) issue a writ of habeas corpus requiring Respondents to release Petitioner; (e) issue an order prohibiting Respondents from

transferring Petitioner from the District of Oregon without the Court's approval and, if he has already been transferred to another district, prohibiting Respondents from transferring him further than the Tacoma Northwest Detention Center in Tacoma, Washington; and (f) grant such further relief as the Court deems just and proper.

Upon review of the Petition, the Court ORDERS:

1. The Clerk of Court is directed to serve a copy of the Petition, ECF No. 1, upon Respondents and the U.S Attorney for the District of Oregon, Scott Bradford (Scott.Bradford@usdoj.gov).

2. Respondents shall, no later than October 20, 2025, at noon Pacific Daylight Time, answer or respond to the Petition.

3. Although a United States District Court generally lacks subject matter jurisdiction to review orders of removal, *see* 8 U.S.C. § 1252(a)(1), (g), it does generally have jurisdiction over habeas petitions. *See* 28 U.S.C. § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained by the United States."). Moreover, "'a federal court always has jurisdiction to determine its own jurisdiction,'" including its own subject-matter jurisdiction. *Brownback v. King*¸592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2022)). To give this Court the opportunity to determine whether it has subject matter jurisdiction, and if so to consider the validity of the habeas petition, a court may order respondents to preserve the status quo. *See United Mine Workers*

*of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject matter jurisdiction to determine the underlying action's merits. *See id.* at 294-95. This principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

4. Unless otherwise ordered by this Court, Petitioner shall not be moved outside of the District of Oregon without first providing advance notice of the intended move. Such notice must be filed in writing and on the docket in this proceeding and must state the reason that the Respondents believe that such a move is necessary and should not be stayed pending further court proceedings. Once that notice has been filed on the docket, the Petitioner shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

5. If the Respondents have already moved Petitioner outside of this District, Respondents are ordered to notify the Court **within two hours of being served with this Order.** Such notice must be filed in writing and on the

docket in this proceeding. In addition, Respondents are further ordered to state in any such notice the exact date and time that Petitioner left the District of Oregon and the reason why Respondents believed that such a move was immediately necessary.

It is so ORDERED and DATED this 15th day of October 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge