IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| H.L.P.F., | Civ. No. 6:25-cv-01899-AA |
| Petitioner, | **OPINION & ORDER** |
| v. | |
| CAMMILLA WAMSLEY, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD LYONS, Acting Director of Immigration and Customs Enforcement ("ICE"); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, Secretary of the Department of Homeland Security ("DHS"); U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, Attorney General of the United States, | |
| Respondents. | |

AIKEN, District Judge.

This case comes before the Court on a Petition for Writ of Habeas Corpus, ECF No. 1. The Court held an evidentiary hearing on the Petition on November 14, 2025. ECF No. 19. For the reasons set forth below, the Petition is GRANTED.

## LEGAL STANDARD

Under 28 U.S.C. § 2241, federal district courts "within their respective jurisdictions" have the authority to hear applications for habeas corpus by any person

who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States." The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to be within the "core of habeas corpus," a petitioner must seek "either immediate release from that confinement or the shortening of its duration." *Preiser v, Rodriguez*, 411 U.S. 475, 484, 489 (1973).

## BACKGROUND

Petitioner H.L.P.F. is a native and citizen of Venezuela. Weiss Decl. ¶ 4. He applied for admission to the United States at the San Ysidro Port of Entry on August 1, 2024. *Id.* He was issued a Notice to Appear ("NTA") charging him as inadmissible due to lacking a valid entry document pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). *Id.*

Petitioner was granted parole into the United States until July 31, 2026, for the purpose of attending immigration court proceedings and he was released on an Order of Recognizance ("OREC"), Form I-220A. Weiss Decl. ¶ 6. The OREC included conditions of release. *Id.* at ¶ 7.

On April 18, 2025, Petitioner's parole was revoked and on May 29, 2025, Petitioner's work authorization was revoked. Weiss Decl. ¶¶ 9-10.

On October 15, 2025, Petitioner was detained by the FBI during the execution of a search warrant. Weiss Decl. ¶ 11. Petitioner was taken into ICE custody on the same day and his OREC was revoked. *Id.* at ¶¶ 11-12.

The FBI search warrant was executed on an apartment that was in the same complex as Petitioner's listed address, but was not the address he reported to ICE.

Much of the evidence and testimony produced at the hearing concerned the issue of whether Petitioner was living at the address where the search warrant was executed.

## DISCUSSION

The Petition for Writ of Habeas Corpus, ECF No. 1, asserts that Petitioner is entitled to release on the basis that his detention violates his Fifth Amendment due process rights and that the decision to detain him was arbitrary and capricious in violation of the Administrative Procedure Act.

The testimony and argument at the hearing in this case was largely focused on whether Petitioner had changed his address without notifying ICE and, by extension, whether the Respondents had acted in an arbitrary and capricious manner by detaining him.

Following the hearing, the Court ordered Respondents to clarify the statutory authority for Petitioner's detention, as the specific statutory basis for detention was not clear from Respondents' briefs. ECF No. 22. On December 5, 2025, Respondents submitted a Notice stating that "Petitioner is subject to mandatory detention under INA § 235(b)(2)(A)," meaning that Petitioner is being detained under 8 U.S.C. § 1225(b)(2). ECF No. 23. This clarification substantially simplifies the Court's analysis and renders much of the evidence and argument submitted in this case superfluous. On December 9, 2025, Petitioner submitted supplemental briefing in response to Respondents' clarification of the basis for detention. ECF No. 24.

Section 1225(b) "authorizes the Government to detain certain [noncitizens] *seeking* admission into the country," while Section 1226(a) and (c) "authorizes the

government to detain certain [noncitizens] *already in the country* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added). Petitioner is unquestionably in the latter category, as he entered the country on August 1, 2024, and was subsequently paroled and released under and OREC. Weiss Decl. ¶¶ 4-6.

"Detention under 8 U.S.C. § 1225(b)(2) of a person already present in the United States . . . is unlawful." *J.Y.L.C. v. Bostock*, Case No. 3:25-cv-02083-AB, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (and collecting more than two dozen cases); *see also L.A.E. v. Wamsley*, Case No. 3:25-cv-01975-AN, 2025 WL 3485763, at *2-3 (D. Or. Dec. 4, 2025) ("Over the last year, dozens of courts have considered respondents' novel argument that Section 1225(b) applies to noncitizens who have been in the country for an extended period, and they have consistently found it unpersuasive."); *Rodriguez v. Bostock*, ___F. Supp.3d___, Case No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1, 21-22 (W.D. Wash. Sept. 30, 2025) (collecting cases and concluding that the government's interpretation of § 1225 "belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

Here, Petitioner was detained within the United States, in Eugene, Oregon, after having been paroled into the country with release conditions. Petitioner is not subject to detention under § 1225. The Court will therefore GRANT the Petition and order Petitioner's immediate release.

## CONCLUSION

For the reasons set forth above, the Petition, ECF No. 1, is GRANTED. Respondents are ORDERED to release Petitioner H.L.P.F. immediately, subject to his previous OREC conditions of supervision. The Motion for Temporary Restraining Order, ECF No. 9, is DENIED as MOOT.

It is so ORDERED and DATED this ___10th___ day of December 2025.

    /s/Ann Aiken
ANN AIKEN
United States District Judge